JUL-17-2006 MON 11:23 AM B....shaw Law Firm          FAX NO. 51. 46 5808          P. 04

STATE OF SOUTH DAKOTA )          IN CIRCUIT COURT
                      : SS
COUNTY OF MINNEHAHA   )          SECOND JUDICIAL CIRCUIT

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

DAKOTA TRUCK UNDERWRITERS,     *     CIV.
                               *
        Plaintiff,             *
                               *
vs.                            *     **COMPLAINT**
                               *
ANNETT HOLDINGS, INC.,         *
                               *
        Defendant.             *

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Plaintiff Dakota Truck Underwriters, for its Complaint, states and alleges as follows:

1.

Plaintiff Dakota Truck Underwriters ("DTU") is a reciprocal insurance company, owned by its policy holders, organized under South Dakota law.

2.

DTU has its principal place of business in Sioux Falls, Minnehaha County, South Dakota.

3.

DTU is in the business of providing workers' compensation insurance coverage to, among other people and entities, truckers and trucking firms.

4.

Defendant Annett Holdings, Inc. is the largest privately-held flatbed carrier in the United States. Defendant has its principal place of business at 6115 Southwest Leland Avenue, Des Moines, Iowa, but does business on a nationwide basis, including transporting goods and services to and through the state of South Dakota.

5.

Defendant had multiple contacts with DTU representatives in South Dakota in obtaining workers' compensation coverage from DTU for certain truckers affiliated with Defendant, and in reporting workers' compensation claims to DTU for administration of the claims in South Dakota.

6.

DTU issued policy number WC10-0002503-03 to Defendant for insuring certain workers' compensation risks for certain of Defendant's affiliated truckers.

7.

As a part of the relationship between DTU and Defendant, Defendant became a participating subscriber and part owner of DTU in South Dakota. DTU arranged for the third party administration in South Dakota of workers' compensation claims within the deductible of Defendant, and Defendant made use of and was responsible to pay for such services in South Dakota.

8.

DTU provided Defendant with certain information pages, which are contained within Exhibit A, and which contained information on premiums for the DTU workers' compensation insurance.

9.

The information pages made clear in Section 4:

> The premium for this policy will be determined by our Manuals of Rules, Classifications, Rates and Rating Plans. All information required below is subject to verification and change by audit.

2

10.

The policy of insurance, a copy of which is Exhibit A provided in Part Five, A., that all premiums for the policy would be determined by DTU's manual of rules, rates, rating plans and classifications, were subject to change authorized by law or governmental agency regulating insurance.

11.

Consistent with DTU practices and industry standards, the initial premium was an estimate, clearly disclosed as "subject to verification and change by audit."

12.

Consistent with how DTU does business under industry practice and in accordance with the National Council on Compensation Insurance, Inc. ("NCCI"), DTU estimated Defendant's premiums subject to later verification, audit and change.

13.

DTU followed industry practice under the NCCI adopted in the State of Iowa in calculating premiums due.

14.

Defendant was responsible to pay DTU for losses incurred within Defendant's $25,000 per claim deductible amount and to pay DTU its claims handling fee.

15.

DTU conducted an audit of Defendant for the policy period at issue.

16.

DTU's audit revealed that Defendant had underpaid premiums for workers' compensation coverage for the truckers that Defendant had insured with DTU.

17.

DTU sent to Defendant billings for additional premium payments, which Defendant refused to honor.

18.

DTU and Defendant had a contract for DTU to provide certain workers' compensation insurance in exchange for Defendant paying certain amounts, including a premium "determined by [DTU's] Manuals of Rules, Classifications, Rates and Rating Plans ... [which] is subject to verification and change by audit."

19.

Defendant has breached the agreement by not paying all amounts Defendant owes to DTU for the workers' compensation coverage.

20.

DTU has suffered injury and damages well in excess of $350,000.00, plus prejudgment interest and costs, as a result of Defendant's breach of contract.

21.

In the alternative, Defendant has been unjustly enriched as a consequence of having DTU provide workers' compensation to truckers affiliated with Defendant, without Defendant paying the appropriate premium charges.

WHEREFORE, Plaintiff Dakota Truck Underwriters hereby prays for relief as follows:

   A.    For a judgment against Defendant Annett Holdings, Inc., in an amount well in excess of $350,000.00;

   B.    For prejudgment interest on the judgment against Defendant;

   C.    For costs, disbursements, and expenses; and

D.  For such other and further relief as the Court deems just and equitable.

Dated at Sioux Falls, South Dakota, this 17th day of July, 2006.

                                                   DAVENPORT, EVANS, HURWITZ & SMITH, L.L.P.

                                                 ROBERTO A. LANGE
                                                 CHERYLE W. GERING
                                                 206 West 14th Street
                                                 P. O. Box 1030
                                                 Sioux Falls, SD 57101-1030
                                                 Telephone: (605) 336-2880
                                                 Facsimile: (605) 335-3639
                                                   *Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff Dakota Truck Underwriters hereby demands trial by jury on all questions of fact.