**FILED**

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

NOV 2 2 2006

*****************************************************************

| | |
|---|---|
| DAKOTA TRUCK UNDERWRITERS, | CIV 06-4139 |
| Plaintiff, | |
| -vs- | MEMORANDUM OPINION AND ORDER |
| ANNETT HOLDINGS, INC. | |
| Defendant. | |

*****************************************************************

Defendant Annett Holdings, Inc., filed a Motion for Change of Venue, Doc. 7, requesting that this action be transferred to the Southern District of Iowa, Central Division, in Des Moines, Iowa. Plaintiff resists the motion. For the reasons set forth below, Defendant's Motion for Change of Venue will be denied.

## BACKGROUND

Plaintiff brings this breach of contract action claiming that Defendant underpaid premiums for workers' compensation insurance provided by Plaintiff to truck drivers affiliated with Defendant. This action was filed in South Dakota state court and removed to federal court by Defendant on the basis of diversity of citizenship under 28 U.S.C. § 1332. Plaintiff is a reciprocal insurance company, owned by its policy holders, and organized under South Dakota law. Its principal place of business is in Sioux Falls, South Dakota. Part of Plaintiff's business is providing workers' compensation insurance coverage to truck drivers and trucking firms.

Defendant is a privately-held flatbed carrier and does business nationwide, including transporting goods and services to and through the state of South Dakota. Defendant's principal place of business is in Des Moines, Iowa. The insurance coverage at issue in this action was

purchased from Plaintiff for some of Defendant's owner/operators, who own their own trucks and drive for Defendant's trucking operation. Premiums were paid by Defendant to its insurance agent, TrueNorth Companies, L.C., in Cedar Rapids, Iowa, and then delivered to Plaintiff in South Dakota.

In its motion, Defendant contends that the insurance contract at issue in this action was negotiated and entered into in Des Moines, Iowa. Arguing that this action is not properly venued in South Dakota, Defendant contends the application for worker's compensation insurance coverage, the proposal for insurance coverage by Plaintiff and the binding instructions all occurred in Des Moines. Defendant further contends that the "vast majority of the witnesses and documents are in Des Moines." (Doc. 7 at ¶ 8.)

In response to the motion, Plaintiff contends that many of the negotiations between the parties occurred by telephone. Many of those telephone conversations included Lisa Van De Berg, an underwriting manager, while she was at Plaintiff's offices in Sioux Falls, South Dakota. Ms. Van De Berg is employed by Risk Administration Services, Inc., which is the exclusive Attorney-in-Fact for Plaintiff. Additional witnesses employed by Risk Administration Services and Plaintiff, most of whom reside in South Dakota, have relevant information to the issues in this action. Moreover, Ms. Van De Berg verbally bound the coverage for Defendant by telephone from Plaintiff's Sioux Falls office and the written policy was issued from the Plaintiff's office in Sioux Falls.

Claims made under the policy at issue were submitted to Defendant in Iowa and then sent to Plaintiff's offices in Sioux Falls. Those claims were then handled in Sioux Falls by claims personnel employed by Risk Administration Services.

An audit of Defendant's policy was conducted in South Dakota according to Plaintiff. Plaintiff asserts the audit revealed Defendant owed additional premiums for the policy at issue. Premium notices were sent from Plaintiff's office in South Dakota. Defendant contends, however, that the audit was conducted in Iowa.

## DISCUSSION

Defendant requests that a change of venue be granted pursuant to 28 U.S.C. § 1404(a) or § 1406(a). Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Mirroring the statutory language of section 1404, the Eighth Circuit has noted three factors courts must consider in deciding whether to transfer a case: "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). In addition to considering the factors listed in this statute, a district court ruling on a motion to transfer must also conduct "a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." *Id.* Defendant admits that it has the burden of proving a transfer of venue is warranted. *See id.* at 695 (recognizing that, "[i]n general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted.").

In this case, the convenience of the parties is a neutral factor because it would be more convenient for Plaintiff to litigate in South Dakota and it would be more convenient for Defendant to litigate in Iowa. The Eighth Circuit explained that, "[m]erely shifting the inconvenience from one side to the other ... obviously is not a permissible justification for a change of venue." *Terra*, 119 F.3d at 696-97.

The convenience of witnesses is "[p]robably the most important factor" to be considered on a motion for change of venue. *See* Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction § 3851 at 264 (1976). "The party seeking the transfer must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover." *Standard Office Sys. of Fort Smith, Inc. v. Ricoh Corp.*, 742 F. Supp. 534, 538 (W.D. Ark. 1990) (quoting Wright, Miller & Cooper, supra, § 3851 at 270). Defendant submitted a witness list and a brief summary of the witnesses' testimony. Ten of Defendant's witnesses live in either Des Moines or Cedar Rapids, Iowa. One lives in Florida and one lives in

3

Omaha, Nebraska. The fact that nearly all of these witnesses are located and reside in Iowa is somewhat diminished by the fact that these witnesses are all employees or agents of Defendant and their participation in this case is a part of their employment or agency duties. The fact of employment of witnesses by a party diminishes but does not nullify the consideration that those witnesses reside and work in Iowa. *See, e.g., Millennium Prod., Inc. v. Gravity Boarding Co.*, 127 F.Supp.2d 974, 980 (N.D.Ill. 2000) ("[T]he convenience of witnesses who are employees of a corporate party is less significant than that of non-party witnesses....").

A list of Plaintiff's witnesses and a summary of the topics on which it is anticipated they will testify was submitted as an exhibit to Ms. Van De Berg's Affidavit, Doc. 15. Plaintiff identified thirteen witnesses residing in Sioux Falls, South Dakota, and two witnesses residing in Apple Valley, Minnesota. The potential witnesses identified by Plaintiff appear to be employees or agents of the Plaintiff.

The Court finds the convenience of witnesses is a neutral factor. All of the witnesses anticipated to testify are employees or agents of the parties. Moreover, the parties do not allege they would have any difficulty in securing attendance of their anticipated witnesses at pretrial hearings or trial regardless of where the litigation is venued. Approximately the same number of witnesses will be called by each party.

Additional factors that may affect the convenience of the witnesses include accessiblity to records and documents, location where the conduct occurred and applicability of each forum state's substantive law. *See Terra*, 119 F.3d at 696. There are several documents regarding the claims in this action in both Iowa and South Dakota and there is no distinct advantage or disadvantage in the accessibility of such documents in either state. The conduct at issue in this action occurred both in South Dakota and Iowa. There may have been slightly more conduct in Iowa, because representatives from South Dakota traveled to Iowa to negotiate the insurance contract, but this factor weighs only slightly in favor of Iowa being the more convenient venue. Although the Court is not making a final determination on the issue of which forum state's substantive law applies, the

4

Court notes that Defendant asserts Iowa law applies to the dispute in this action and Plaintiff has not challenged Defendant's assertion. If Iowa law does apply to the contract at issue, the consideration of the applicability of each forum state's substantive law would favor transferring venue to Iowa.

The Court does not find that the interest of justice factor is significant. The dispute in this case is between two large corporations with their principal places of business in different states, but both do business in many different states. The Court finds that Defendant has not satisfied its burden of proving a transfer is warranted in this case. Rather, a transfer in this case merely shifts the burden of inconvenience of litigating in a distant forum from one party to the other. In this situation, the Court finds that Plaintiff's choice of forum should be given deference and a transfer will be denied under 28 U.S.C. § 1404(a).

The second ground upon which Defendant seeks a transfer of venue is 28 U.S.C. § 1406(a). Section 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Defendant admits that the District of South Dakota has personal jurisdiction over it, but Defendant asserts this action was erroneously brought in the District of South Dakota. The Court finds, however, that this action was properly brought in the District of South Dakota pursuant to 28 U.S.C. § 1391(a)(2), because a "substantial part of the events or omissions giving rise to the claim occurred" in South Dakota. Many of the negotiations concerning the terms of the insurance policy were conducted by telephone with Plaintiff being in South Dakota and Defendant in Iowa. The policy was issued from South Dakota and premium notices were prepared in South Dakota and sent to Iowa. The premium payments by Defendant were ultimately received in South Dakota. Claims under the policy were first made in Iowa, but then they were processed in South Dakota. Although the parties disagree on where the audit occurred, the documents submitted establish that at least a portion of the audit was conducted in South Dakota. Defendant has not established that a transfer of this action is warranted under 28 U.S.C. § 1406(a). Accordingly,

IT IS ORDERED that Defendant's Motion for Change of Venue, Doc. 7, is denied.

Dated this 22nd day of November, 2006.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
                DEPUTY