UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DAKOTA TRUCK UNDERWRITERS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 4:06-cv-4139 |
| | ) | |
| vs. | ) | |
| | ) | ANSWER, COUNTERCLAIM |
| ANNETT HOLDINGS, INC., | ) | AND JURY DEMAND OF |
| | ) | ANNETT HOLDINGS, INC. |
| Defendant. | ) | |
| | ) | |
| ANNETT HOLDINGS, INC., | ) | |
| | ) | |
| Counterclaim Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DAKOTA TRUCK UNDERWRITERS, | ) | |
| | ) | |
| Counterclaim Defendant. | ) | |

COMES NOW the Defendant, Annett Holdings Inc., by and through the undersigned counsel, and for Answer to Plaintiff's Complaint states as follows:

1. Defendant admits paragraph 1.

2. Defendant admits paragraph 2.

3. Defendant admits Dakota Truck Underwriters ("DTU") provides worker's compensation insurance coverage for trucking operations, but denies the remaining allegations of paragraph 3.

4. Defendant affirmatively states it is a privately held flatbed carrier with its principal place of business located at 6115 SW Leland Avenue, Des Moines, Iowa. Otherwise, Defendant admits the remaining balance of paragraph 4 therein.

5. Defendant admits it had some phone contacts with Plaintiff in South Dakota, but denies the remaining allegations of paragraph 5.

6. Defendant admits Plaintiff ultimately issued a policy insuring certain independent contractors leased to Defendant, but denies the remaining allegations of paragraph 6.

7. Defendant affirmatively states Defendant was a participating subscriber and part owner of DTU but denies the remaining balance of paragraph 7 therein.

8. Defendant admits that some time after preliminary agreement was reached certain documents were provided Defendant. The Defendant denies for lack of information the allegation as to how DTU rated the workers' compensation risk posed by the owner-operators of Defendant. The Defendant denies that the premiums were subject to later verifications, audit and change in accordance with the policy. All other allegations of paragraph 8 are denied.

9. The Defendant denies for lack of information the allegation as to how DTU rated the workers' compensation risk posed by the owner-operators of Defendant. The Defendant denies that the premiums were subject to later verifications, audit and change in accordance with the policy. All other allegations of paragraph 9 are denied.

10. The Defendant denies for lack of information the allegation as to how DTU rated the workers' compensation risk posed by the owner-operators of Defendant. The Defendant denies that the premiums were subject to later verifications, audit and change in accordance with the policy. All other allegations of paragraph 10 are denied.

11. Defendant denies paragraph 11.

12. Defendant denies paragraph 12.

13. Defendant denies paragraph 13 for lack of information.

14. Defendant admits paragraph 14.

15. Defendant denies paragraph 15.

16. Defendant denies paragraph 16.

17. Defendant affirmatively states it received billings for additional premiums but denies the remaining allegations contained in paragraph 17.

18. Defendant denies paragraph 18.

19. Defendant denies paragraph 19.

20. Defendant denies paragraph 20.

21. Defendant denies paragraph 21.

WHEREFORE, the Defendant, Annett Holdings Inc. prays that the Court dismiss Plaintiff's Complaint with Prejudice and award Defendant its costs and expenses, including attorney fees, and such other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. That the terms of the contract with Plaintiff were not fully and definitely settled in the preliminary negotiations and no mutual assent as to the terms of the contract existed between the parties.

3. That the parties to the contract were mistaken about an essential fact that was a material consideration for the terms of such contract.

4. That Defendant has remitted all payments owed to Plaintiff and which are the subject of the contract with the Plaintiff herein, and the Plaintiff's claim is barred.

5. That Plaintiff has not used reasonable efforts to establish proper procedures for the determination of premiums and therefore has failed to properly mitigate any alleged damages..

6. Any damages allegedly suffered by Plaintiff did not result, directly or indirectly from any act or omission by Defendant, but said alleged damages resulted from acts or omissions of parties other than Defendant and Defendant is therefore not liable.

7. The damages allegedly suffered by Plaintiff are the foreseeable consequence of acts or omissions of the Plaintiff for failure to properly calculate premiums.

8. This cause of action was not brought within the applicable time period pursuant to the statute of limitations.

9. Defendant's actions were not the proximate cause of Plaintiff's alleged damages.

10. All or part of Plaintiff's claims against Defendant are barred in whole or in part by the doctrines of estoppel, waiver, laches, settlement, accord and satisfaction, and/or other equitable doctrines.

11. Defendant hereby asserts each and every affirmative defense allowed by law that may be revealed during discovery.

## COUNTERCLAIM

The Defendant/Counterclaim Plaintiff, Annett Holdings, Inc. ("AHI"), for its counterclaim against Dakota Truck Underwriters ("DTU"), states as follows:

1.      AHI is a motor carrier located at 6115 Southwest Leland Avenue, Des Moines, Iowa, operating in interstate commerce.

2.      DTU is a reciprocal insurance company with its place of business located in Sioux Falls, South Dakota.

3.      On or about January 1, 2004, AHI and DTU entered into an insurance agreement in Des Moines, Iowa, wherein DTU later issued policy number WC10-0002503-03 to AHI allegedly insuring certain workers compensation risks for certain individual owner/operators leased to AHI.

4.      AHI, based on the individual owner/operator worker's compensation insurance coverage and agreement with DTU, forwarded to DTU $177.50 per month per owner/operator for the coverage. That amount represented the premiums paid to AHI by each owner/operator.

5.      Based upon an internal audit of AHI's records, for the period 1/1/04 – 8/20/04, AHI overpaid the premiums for the insurance coverage by $52,598.92.

6.      As a result of AHI's audit, it sustained damages, including but not limited to, loss of money overpaid to DTU for the worker's compensation insurance and lost opportunities.

WHEREFORE, Defendant/Counterclaim Plaintiff, Annett Holdings, Inc,. prays for relief as follows:

A.      For compensatory and incidental damages incurred by AHI as a result of the overpayment of premium.

B.      For taxable costs and disbursements.

For such other and further relief as the Court deems just and equitable, including the award of reasonable and necessary attorney fees.

### JURY DEMAND

Defendants hereby demand a jury trial on all issues herein.

                                RITER, ROGERS, WATTIER & BROWN, LLP

By: _____
John L. Brown
319 South Coteau Street
Pierre, SD 57501
Telephone (605) 224-5825
Facsimile (605) 224-7102


Robert E. Konchar AT0004383
Kimberly K. Hardeman AT0003230
MOYER & BERGMAN, P.L.C.
2720 1st Avenue N.E.
P. O. Box 1943
Cedar Rapids, IA  52406-1943
Telephone: 319-366-7331
Facsimile:  319-366-3668
E-mail: bkonchar@moyerbergman.com

                              ATTORNEYS FOR DEFENDANT

Copy to:

Roberto A. Lange
Cheryle W. Gering
Davenport, Evans, Hurwitz & Smith, LLP
206 West 14th Street
P.O. Box 1030
Sioux Falls, SD  57101-1030


F:\WP\REK\True North\Annett Holdings\pleadings\Answer.doc